**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WILLIAM R. SATTERFIELD,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| vs.   ) | Case No. 11-CV-580-TCK-PJC |
| ) | |
| DEPARTMENT OF JUSTICE, ex rel.,   ) | |
| United States Probation Office,   ) | |
| ) | |
| Respondent.   ) | |

**OPINION AND ORDER**

On September 14, 2011, Petitioner filed a 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 1). Petitioner states he is currently serving his term of supervised release as entered in N.D. Okla. Case No. 04-CR-123-CVE. In his petition, Petitioner claims that (1) he is "actually, factually and legally innocent of the unconstitutional sentence which he is currently serving," (2) his "Fifth and Sixth Amendment rights were violated by being charged with a crime which carried an exemption which was not pursued by his counsel," and (3) "the government's evidentiary materials contained exculpatory evidence which give credence to Petitioner's claim of absolute innocence." See Dkt. # 1.

After reviewing Petitioner's claims, the Court finds that the claims raised in this petition are consistent with a § 2255 motion rather than a petition pursuant to § 2241. A petition for a writ of habeas corpus filed under § 2241 and a motion for sentencing relief under § 2255 are not interchangeable. Section 2241 is intended to provide a remedy for challenges to the execution of a sentence while § 2255 provides the "*exclusive* remedy for testing the validity of a judgment and sentence." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (emphasis added). Unless the remedy provided by § 2255 is inadequate or ineffective, it is the exclusive remedy for testing the

legality of the detention. 28 U.S.C. § 2255; see also Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).

A review of the docket sheet and the case filings in N.D. Okla. Case No. 04-CR-123-CVE reveals the following history: on July 22, 2004, Petitioner was charged by information with conspiracy to commit an offense against the United States under 18 U.S.C. § 371 (Count One) and two counts of tampering with an odometer under 49 U.S.C. §§ 32703 and 32709 (Counts Two and Three). On August 26, 2004, Petitioner pled guilty to all three counts in the information pursuant to a written plea agreement. The Honorable H. Dale Cook sentenced Petitioner to 50 months as to Count One and 36 months as to Counts Two and Three, with the sentences for Counts Two and Three to run concurrently with the sentence for Count One. Judge Cook also ordered Petitioner to pay restitution in the amount of $1,337,000.

Petitioner did not file a direct appeal from his conviction. He did, however, file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, asking Judge Cook to vacate the restitution order and reduce his sentence. Petitioner's motion was denied and he appealed the denial to the Tenth Circuit Court of Appeals. The Tenth Circuit denied a certificate of appealability and dismissed the appeal. United States v. Satterfield, 218 Fed. Appx. 794 (10th Cir. Feb. 28, 2007) (unpublished).

Next, Petitioner filed a 28 U.S.C. § 2241 petition for writ of habeas corpus in the Western District of Oklahoma raising claims of factual and legal innocence. He argued that the cars on which he altered the odometers were more than ten years old and could not be used to obtain a conviction against him for odometer tampering. Petitioner's § 2241 petition was dismissed without prejudice based on his failure to make a sufficient showing of innocence to be allowed to proceed

under § 2241 instead of § 2255. That decision was affirmed on appeal by the Tenth Circuit Court of Appeals. Satterfield v. Scibana, 275 Fed. Appx. 808 (10th Cir. Apr. 30, 2008) (unpublished).

Petitioner also filed a second § 2255 motion directly with the Tenth Circuit, and reurged his claims of factual and legal innocence. On June 18, 2008, the Tenth Circuit characterized the motion as Petitioner's "third attempt to secure post-conviction relief" and denied the motion.

Petitioner's post-conviction relief efforts continued with the filing of a Rule 60(b) motion in N.D. Okla. Case No. 04-CR-1123-CVE. Petitioner again raised a claim of actual innocence and challenged the validity of his underlying convictions. Because Petitioner directly challenged the validity of his convictions and sentence, the Court treated his Rule 60(b) motion as a second or successive motion under § 2255 and dismissed the motion for lack of jurisdiction. Petitioner appealed. On September 16, 2009, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. United States v. Satterfield, 344 Fed. Appx. 487 (10th Cir. Sept. 16, 2009) (unpublished).

In the petition filed in this case, Petitioner again seeks post-conviction relief, this time under 28 U.S.C. § 2241. He again asserts his actual innocence based on the same or similar claims previously considered by the Western District and the Tenth Circuit. As Petitioner is well aware, 28 U.S.C. § 2255 provides the exclusive remedy for challenging the validity of his conviction and sentence. Based on Petitioner's prior efforts to challenge his sentence, any subsequent § 2255 motion would be a successive motion requiring authorization for filing from the Tenth Circuit Court of Appeals. See 28 U.S.C. §§ 2255, 2244(b). Unless Petitioner receives the required authorization, this Court lacks jurisdiction to consider claims asserted in a successive § 2255 motion. 28 U.S.C. § 2255(h); In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008).

Petitioner alleges that 28 U.S.C. § 2241 is the correct vehicle for his attack on his illegal sentence because he "does not have any other opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence on the issue he seeks to raise herein." See Dkt. # 1 at 9. The Court disagrees. As previously determined, Petitioner's claim of actual innocence is insufficient to render the remedy provided by § 2255 inadequate. The Tenth Circuit has expressly held that "habeas corpus is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." Williams, 323 F.2d at 673. Furthermore, "'[f]ailure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective.'" Prost v. Anderson, 636 F.3d 578, 585 (10th Cir. 2011) (quoting Bradshaw, 86 F.3d at 166). In addition, restrictions on filing successive § 2255 motions do not render the § 2255 remedy inadequate or ineffective. See Sines v. Wilner, 609 F.3d 1070, 1073 (10th Cir. 2010).

The Court finds that § 2255 provides the exclusive remedy for claims raised in the instant § 2241 petition. Therefore, the Court lacks jurisdiction to consider Petitioner's claims under § 2241. For that reason, the petition filed pursuant to § 2241 shall be dismissed for lack of jurisdiction.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. # 1) is **dismissed** for lack of jurisdiction. Petitioner may file a second or successive motion pursuant to § 2255 in this Court only if he is first granted authorization by the Tenth Circuit Court of Appeals.

DATED THIS 26th day of October, 2011.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE